### H. C. Yeiser v. United States Board & Paper Co.

Corporation may Terminate Agreement with Directors for Breach of Good Faith.

> An agreement between a corporation and certain directors based upon the trust relation existing between them may be summarily terminated by the corporation when it becomes evident to those in control that such trust relation has been violated with reference to another contract entered into by such directors in their trust capacity, with themselves individually.

Error to Hamilton common pleas court.

**C. B. Matthews** and **Pogue & Pogue,** for plaintiff in error.

**E. J. Dempsey** and **Roettinger & Gorman,** for defendant in error.

**PER CURIAM.**

This case is here on error to the judgment of the court of common pleas. We think the judgment should be affirmed.

This court held, in *United States Board & Paper Co.* v. *Browne,* 25 O. C. C. 347, that the contract in question was not void on account of its having been made by the directors of the corporation with themselves, there being no allegation that it was an unfair contract. But after the making of the contract it was adjudged, in a suit brought for that purpose by a court of competent jurisdiction, that these directors had practiced a fraud on the members of the corporation in the purchase of the manufacturing plant. Good faith and perfectly fair dealing was required of them in that transaction, and they violated the confidence reposed in them by their associates. While this contract is an entirely different contract, still having been made by them with themselves while acting in a trust capacity for others, it could only stand if perfectly fair.

It having been found that Browne and Stuart had violated the

Yeiser v. Board & Paper Co.

trust reposed in them, in the purchase of the manufacturing plant, they were not entitled to any further confidence and trust, and such being required in the present contract, the corporation had a right to put an end to it. The facts being conceded, it became a matter of law for the court and the court's instruction was correct.

It follows from this, the verdict being a general one, that the judgment should be affirmed even though there is error in the record as to other matters; but we think there are no other errors in the record— the principal errors relied on arise on the charge of the court—and the court having followed the rulings of this court made at a former hearing, we do not think that our former holding should be departed from unless it clearly appears that we were in error, and of this we are not satisfied.

The judgment will therefore be affirmed.